UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES P. WOLFGEORGE,
      Plaintiff

                **Hon. Hugh B. Scott**

    v.             **REPORT
                  AND
                  RECOMMENDATION**

LT. B. ANDERSON, et al.,            12-CV-1045S
      Defendants.

**PROCEDURAL BACKGROUND**

The Hon. William M. Skretny referred this case to this Court, pursuant to 28 U.S.C. § 636(b)(1)(A)-(V), for purposes of conducting all pre-trial matters in ths case and to hear and report upon dispositive motions for consideration by him.

Plaintiff, who was incarcerated at the Groveland Correctional Facility at the time he filed this *pro se* action under 42 U.S.C. § 1983 alleging that he was retaliated against for the filing of a complaint against defendant Brooks, was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)-(b). Plaintiff was released from prison after the filing of the complaint herein.

Defendants have moved to revoke plaintiff's *in forma pauperis* status pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed *in forma pauperis* if he has had three or more actions or appeals dismissed on the grounds that they were "frivolous, malicious or fail[ed] to state a claim upon which relief can be granted . . . ." *See* 28

U.S.C. § § 1915(e)(2)(B) and 1915A(b). (Docket No. 8, Motion and Memorandum of Law, and No. 9, Declaration of Benjamin K. Ahlstrom.) Plaintiff was provided an opportunity to respond to the motion but has not filed any papers in response to the motion.

**DISCUSSION**

Title 28 of the United States Code, Section 1915(e)(2), provides that the court must dismiss a complaint "if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Similarly, § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss the complaint for the same grounds listed in § 1915(e)(2)(B), *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In addition, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

"The 'three-strikes' provision in the PLRA was designed to accomplish th[e] [PLRA's] goal [of deterring frivolous prisoner lawsuits and appeals] by 'forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?' " Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007) (quoting Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir.1999)). A federal district court may invoke the "three strikes" rule throughout the pendency of the proceeding and has the authority to revoke the *in forma pauperis* status previously granted if it determines that granting *in forma pauperis* status was improvident. *See, e.g.,* Brown v. Kepiec, 2009 WL 818959, at *2 (N.D.N.Y. Mar.25, 2009); Welch v. Charlan, 2008 WL 5382353, at *1 (N.D.N.Y. Dec.16, 2008) (citation omitted).

Defendants note that plaintiff has been found previously to have garnered three or more strikes. *Wolfgeorge v. Romano*, No. 11 Civ. 9622, Docket Nos. 5-7 (S.D.N.Y., Jan. 12, 2012 (Preska, C.J.) and Wolfegeorge v. Amoia, No. 12 Civ. 6637, Docket No. 3 (S.D.N.Y. September 27, 2012) (Preska, C.J.). The cases and appeals cited in those two cases that Chief Judge Preska had found had been dismissed for strike reasons were: Wolfgeorge v. Marshall, et al., No. 11 Civ. 7757 (LAP) (S.D.N.Y., Dec. 19, 2011) (failure to state a claim); Wolfgeorge v. The City of New York, et al., 10 Civ. 8937 (LAP) (S.D.N.Y. Nov. 29, 2010) (failure to state a claim); Wolfgeorge v. Lee, No. 09-Civ. 6112 (LAP) (S.D.N.Y., July 7, 2009) (failure to state a claim); and Wolfgeorge v. Kititas City Jail, No. 09-6111 (S.D.N.Y. July 7, 2009). Defendants' counsel's Declaration in support of the motion to revoke plaintiff's *in forma pauperis* status identified at least three other cases and appeals that had been dismissed for strike reasons: Wolfgeorge v. Kaplan, 10 Civ. 8936 (S.D.N.Y. Nov. 29, 2010) (failure to state a claim); Wolfgeorge v. City of New York, No. 11-1183-pr (2d Cir. June 21, 2011 (appeal of 10 Civ. 8937 (cited above) dismissed as lacking an arguable basis in law or fact);

and Wolfgeorge v. Collins, No. 09 Civ. 9642 (S.D.N.Y. Nov. 19, 2009). (Docket No. 9, Declaration of Benjamin K. Ahlstrom, dated April 19, 2013, at 3, and Exhs. A, C, and D.[1])

Because plaintiff had garnered three or more strikes prior to filing the instant complaint and application to proceed *in forma pauperis* and because his complaint does not, in any way, assert that he was under imminent danger of serious physical injury, *see* 28 U.S.C. § 1915(g), plaintiff was not (and is not) entitled to proceed *in forma pauperis* and, therefore, his *in forma pauperis* status must be revoked herein. *See* Harris v. City of New York, 607 F.3d 18, 20 (2d Cir. 2010) (a district court may, pursuant to the three strikes rule, dismiss a prisoner-plaintiff's complaint if he has been released from prison subsequent to the filing of the complaint).

In Harris, the prisoner-plaintiff filed a complaint and *in forma pauperis application*, which was granted, while he was a prisoner and, upon application of the defendants, the Court issued an order to show cause directing plaintiff to show cause why the court should not revoke his *in forma pauperis* status pursuant to the three strikes rule. Plaintiff filed a response to the order asserting that he did not have three strikes and that he should not be deprived of *in forma pauperis* status because, inter alia, he "remain[ed] [in] and suffered imminent danger of serious injury." Harris, 607 F.3d at 20-21 (internal quotation marks omitted). The district court rejected plaintiff's arguments and issued an order revoking plaintiff's *in forma pauperis* status and dismissing the complaint without prejudice to re-filing upon the payment of the filing fee and court costs. Plaintiff had been released from prison prior to the district court's order of dismissal. Id. On appeal, the Second Circuit

---

[1] The Declaration attaches as Exhibits the Docket Sheets for the cases cited in the Declaration that had been dismissed previously for strikes reasons pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Harris v. City of New York*, 607 F.3d 18, 20, 23-24 (2d Cir. 2010) (In considering whether a case or appeals was dismissed for strike reasons, the reviewing court may refer to a written decision where available or a docket sheet).

4

affirmed the district court's revocation of plaintiff's *in forma pauperis* status and dismissal of the complaint without prejudice to re-filing but remanded to allow the district court is issue a new order dismissing the complaint but allowing plaintiff to apply for *in forma pauperis* status as a non-prisoner if he qualified--*i.e.*, without payment of the filing fee. Harris, 607 F.3d at 24.

## CONCLUSION

Based on the foregoing, the Court recommends that defendants' motion to revoke plaintiff's *in forma pauperis* status be granted (Docket No. 8) and that this action be dismissed without prejudice to plaintiff's re-filing this action and either apply for permission to proceed *in forma pauperis* if he so qualifies or pay the $350.00 filing fee and $50.00 administrative fee.[2]

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

Any objections to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72. Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88

---

[2] Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.

5

L.Ed.2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir.1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir.1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See* Patterson–Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir.1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 18, 2013